UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BUDDY ELLINGER JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00335-JPH-DLP |
| ) | |
| SUSAN STREETER, ) | |
| GREG EWING, ) | |
| JOHN PLASSE, ) | |
| JUDY ANDERSON, ) | |
| JON MARVEL, ) | |
| CORIZON, ) | |
| VIGO COUNTY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Buddy Ellinger, Jr., an inmate at the Miami Correctional Facility, filed his complaint pursuant to 42 U.S.C. § 1983 on June 29, 2020 in the United States District Court for the Northern District of Indiana. Dkt. 1. On July 1, 2020, the Northern District transferred the case to this Court because Mr. Ellinger's allegations relate to his incarceration at the Vigo County Jail ("the Jail"), located in the Southern District of Indiana. Dkt. 2.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Ellinger alleges that on or about June 1, 2020, while he was a pretrial detainee at the Jail, he suffered an injury to his right hand. Dkt. 1 at 2. Mr. Ellinger names the following defendants: (1) Susan Streeter, RN; (2) Vigo County Sheriff, Greg Ewing; (3) Vigo County Sheriff, John Plasse; (4) County Commissioner, Judy Anderson; (5) County Commissioner, Jon Marvel; (6) Vigo County Jail's Medical Provider, Corizon or Wexford; and (7) Vigo County. *Id.* at 5.

Mr. Ellinger alleges that he was seen by the Jail's unidentified medical provider and Nurse Streeter, received x-rays, and was told that his hand was not broken and was only provided with ice for pain management. *Id.* at 2. Mr. Ellinger alleges that he continued to tell the medical staff and nurses that he was in pain and completed the Jail grievance process, but he was still denied medication. *Id.* When he arrived at Miami Correctional Facility, Mr. Ellinger states that he was given x-rays and was told that his hand was "broken at one point in time" which contributed to his pain, and that he had developed arthritis as well. *Id.* at 3. He states he now has a permanent deformity, that further surgery would damage movement in his hand, and that he needed physical therapy. *Id.* He alleges that if he had been properly diagnosed in the early stages of the injury, he would not have this deformity. *Id.*

Mr. Ellinger is suing Nurse Streeter because he alleges that on several instances after his hand was examined on June 1, 2020, he asked her for pain medication, and she told him to purchase over the counter medications from the commissary. *Id.* at 6. He states she did not communicate with the doctor about ordering pain medication for Mr. Ellinger's swollen and discolored hand. *Id.* Mr. Ellinger has named the Vigo County Sheriffs for their hiring of the medical providers of the Jail and their failure to correct the providers' actions once notified through the grievance process. *Id.* He alleges that Vigo County is responsible because their officials, specifically, the county commissioners, allowed the hiring of the medical providers – who ultimately misdiagnosed him. *Id.*

Mr. Ellinger seeks an apology from the named defendants, payment of future medical treatment for his hand, and compensatory damages. *Id.* at 4.

### III. Discussion of Claims

Mr. Ellinger's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

**A. Dismissed Claims and Defendants**

**1. Vigo County Commissioners**

Mr. Ellinger names the Vigo County Commissioners but does not allege individual liability on the part of these defendants. Rather, he claims the county commissioners are responsible because they hire medical providers for the Jail. *Id.*

However, there is no vicarious liability in § 1983 cases. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of

subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (citations omitted). "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Therefore, **all claims against the county commissioners are dismissed**.

### 2. Corizon and Wexford

A company such as Corizon or Wexford, acts under color of state law when it contracts to perform a government function such as providing medical care to correctional facilities. Thus, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Ill. Medi-car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *but see Shield v. Ill. Dep't of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable claim against Corizon or Wexford, Mr. Ellinger must allege that he suffered a constitutional deprivation as the result of an express policy, practice, or custom of Corizon or Wexford. No such allegations were identified in the complaint. Thus, all claims against Corizon or Wexford are **dismissed for failure to state a claim upon which relief may be granted**.

### 3. Vigo County Jail

All claims against the Vigo County Jail are **dismissed for failure to state a claim upon which relief may be granted**. The Vigo County Jail is a building, and a "building is not a person

capable of being sued under 42 U.S.C. § 1983." *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), cert. denied, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18-cv-008-PPS-MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

### B. Claims that Shall Proceed

Mr. Ellinger's Fourteenth Amendment claim against Nurse Streeter **shall proceed** based upon the allegations that she denied or delayed him treatment for the injury to his hand after it was examined on June 1, 2020.

Mr. Ellinger's Fourteenth Amendment claim against Sheriffs Greg Ewing and John Plasse **shall proceed** based upon the allegations that they were notified of Nurse Streeter's denial or delay of treatment. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (noting that "nonmedical officers may be found deliberately indifferent if 'they have reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner'"); *see also Hayes v. Snyder*, 546 F.3d 516, 526–27 (7th Cir. 2008).

### IV. Issuance of Process

**The clerk is directed to issue process** to defendants Nurse Susan Streeter, Sheriff Greg Ewing, and Sheriff John Plasse in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### V. Conclusion and Further Proceedings

The only claims identified by the Court are those outlined in Part III(B). **All other claims are dismissed**. If Mr. Ellinger believes he asserted claims that are not discussed in Part III, he shall have **through May 7, 2021**, to notify the Court.

**The clerk is directed to terminate** as defendants Judy Anderson, John Marvel, Corizon (Wexford), and Vigo County from the docket.

**SO ORDERED**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BUDDY ELLINGER JR
885803
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Nurse Susan Streeter
Vigo County Jail
201 Cherry St.
Terre Haute, IN 47807

Sheriff Greg Ewing
Vigo County Jail
201 Cherry St.
Terre Haute, IN 47807

Sheriff John Plasse
Vigo County Jail
201 Cherry St.
Terre Haute, IN 47807